IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| MICHEAL R. HODGSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:19-cv-00015-jdp |
| | ) | District Judge James D. Peterson |
| vs. | ) | Magistrate Judge Stephen L. Crocker |
| | ) | |
| WISCONSIN CENTRAL LTD., | ) | |
| a corporation d/b/a "CN", | ) | |
| | ) | |
| Defendant. | ) | |

**Plaintiff's Response to Defendant's Motion *In Limine* – No. 8
Omnibus (Doc. # 57)**

### I.   Introduction

Plaintiff's pending claim seeks damages for personal injuries suffered while employed by Defendant and his claim is brought under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60.  Defendant seeks to exclude Plaintiff from making comments or arguments at trial about the statute related to: "(a) the Congressional purpose, policy or intent behind the passage of the Federal Employer's Liability Act and Exclusive Remedy; (b) the suggestion that WCL should be punished or the size or wealth of WCL or the corporate ownership of WCL; (c) the plaintiff may not suggest that he or any witness employed by defendant has faced or will face retaliation for opposing defendant, and (d) suggesting using a formula on a per diem basis in calculating an award of damages for pain and suffering." (Doc. #57 at 1.) As discussed below, Defendant's omnibus motion should be entirely denied.

### A.   Defendant's motion to prevent counsel from arguing the law—"the Congressional purpose, policy or intent behind the passage of the Federal Employer's Liability Act and Exclusive Remedy"—should be denied.

The general public is familiar with workers' compensation statutes, and assumes, if they are not told, that railroad employees are no different than any other non-railroad employee, and

are covered under the state statute. To dispel this incorrect notion, Plaintiff asks that a comment or explanation be given to the jury that he is ineligible to receive workers' compensation benefits and must rely on the FELA to recover damages for his on-the-job injuries.

The issue concerning the exclusivity of the FELA was settled a century ago when the Supreme Court stated that the federal statute was "paramount and exclusive." *New York Central R.R. Co.* v. *Winfield,* 244 U.S. 147 (1917). The rule of law declared in *Winfield* continues to be the law. *See Elston* v. *Union Pacific R.R. Co.,* 74 P.3d 478, 482 (Colo. Ct. App. 2003) ("FELA provides the exclusive remedy for a railroad employee to recover damages for injuries resulting from the negligence of his railroad employer").

Consistent with *Winfield* and *Elston,* Plaintiff is entitled to the jury being given a fair statement that is consistent with the law. Such a statement will focus the jury on the fact that Plaintiff's lawsuit is governed exclusively by the provisions of the FELA, and dispel all speculation by the jury that he may look beyond the Act for a remedy against his employer. Dispelling all notions that Plaintiff might be covered under some other statute is especially important since the jury may believe that Plaintiff is attempting to achieve a double recovery under both the FELA and state workers' compensation laws.

Plaintiff is aware that there is contrary authority to his position, including *Stillman v. Norfolk & Western Ry. Co.*, 811 F.2d 834 (4th Cir. 1987). *Stillman* is often cited by railroads in support of motions to withhold from juries a correct statement of the law. However, *Stillman* is not binding on this Court as a decision from the Fourth Circuit Court of Appeals. More important, the apparent reason for the Fourth Circuit's decision was that to inform a jury would prejudice the railroad. *Id.* at 838. In support of its conclusion that informing a jury on the issue is prejudicial to a railroad, *Stillman* cites to *Weinell v. McKeesport Connecting R.R. Co.*, 411 F.2d 510, 512 (3rd

Cir. 1969). *Id.* However, *Weinell* provides no insight into why instructing a jury on the subject might be prejudicial. 411 F.2d at 512. Instead, it stated in summary fashion that the plaintiff's counsel's comment that his client's only means to collect damages was under the FELA:

> [W]as obviously an improper one and should not have been made by Weinell's counsel and we assume it will not be made again. The sole issue was the Railroad's liability to Weinell under the FELA and the amount, if any, of his recovery.

*Id.*

Additionally, *Stillman* ignores the reality that most people believe all employees are covered by state workers' compensation statutes as highlighted by the Seventh Circuit in *Schmitz v. Canadian Pacific Ry. Co.*, 454 F.3d 678 (7th Cir. 2006), where the jury asked the court whether the plaintiff received medical or workers' compensation benefits for his injury. 454 F.3d at 685. The Seventh Circuit stated that the trial court did not abuse its discretion where it told the jury "that such matters were 'simply not before the court or jury." *Id.*

A similar situation arose in *Kossman v. Northeast Illinois Regional Commuter R.R. Corp.*, 211 F.3d 1031 (7th Cir. 2000). During the trial, the jury asked the district court whether the plaintiff was eligible for workers' compensation. The Seventh Circuit held that the trial court properly informed "the jury that 'you may wonder why [the plaintiff] is suing [the railroad] for an injury that is normally covered by workmen's compensation. Well, in most cases railroad employees are not covered by workmen's compensation and must file a suit under [FELA] in order to be compensated.'" *Id.* at 1038.

Fortunately for the plaintiffs in *Schmitz* and *Kossman*, the jury had the good sense to ask the trial court the question about workers' compensation eligibility. But not all juries may do this, and in order to prevent a jury from making incorrect assumptions that significantly prejudice a plaintiff, a jury should be educated on the subject early on during trial. Again, Plaintiff only asks

3

for a neutral statement, and does not intend to belabor the point.

The Ohio Court of Appeals considered whether the trial court erred when it informed the jury that the plaintiff was not covered by workers' compensation statute in *Battaglia v. Conrail*, 2009 WL 3325903, ¶ 60 (Ohio Ct. App. Oct. 16, 2009). In holding that the trial court did not err, the reviewing court considered *Weinell* and *Stillman*, as well as other case law. *Id.* at ¶¶ 64-65.

The court first noted that none of the cases were binding since they arose in other jurisdictions. *Id.* at ¶ 67. The court then framed the question as being "whether instructions containing language reflecting a correct statement of the law [was] so prejudicial to the railroad that its inclusion constitute[d] an abuse of discretion." *Id.* And it then centered its analysis on "whether the likelihood that the jury will misuse this information outweighs its value." *Id.* (citing *Eichel v. New York Central R.R. Co.*, 375 U.S. 253, 255 (1963)).

After considering a number of cases including *Stillman*, *Weinell* and *Schmitz*, the reviewing court held the trial court properly instructed the jury, and the railroad was not prejudiced by the comment by reasoning:

> The most persuasive of these cases, in our view, is *Schmitz* because it involves a question from a jury as to whether a FELA plaintiff can collect workers' compensation. This question lends considerable credence to appellee's argument that uninstructed jurors might assume that a FELA plaintiff is entitled to other compensation. It seems to us that, just as a jury informed of collateral disability payments might improperly reduce an award, so too might a jury that mistakenly assumes that a FELA plaintiff will receive collateral workers' compensation benefits be tempted to adjust its award.

*Id.* at ¶ 71.

The reasoning applied in *Battaglia* makes sense especially compared to the conclusory analysis applied in *Stillman* and *Weinell*. It is highly likely that the jurors believe Plaintiff is eligible to receive workers' compensation benefits, which in turn prevents him from receiving a fair trial. Last, dispelling a jury's belief that Plaintiff is entitled to relief under both the FELA and

4

workers' compensation is consistent with many cases noting that the intent of Congress in passing the FELA was to "provide liberal recovery for injured workers." *Monessen Southwestern Ry. Co. v. Morgan*, 486 U.S. 330, 337 (1988); *see also Lynch v. Northeast Regional Commuter R.R. Corp.*, 700 3rd 906, 911 (7th Cir. 2012) ("FELA was enacted in response to the dangers inherent in working for the railroad and the high rate of injuries among railroad employees")). Defendant's motion should be denied.

### B. Defendant's motion to exclude - "the suggestion that WCL should be punished or the size or wealth of WCL or the corporate ownership of WCL" - should be denied.

Plaintiff agrees with Defendant that punitive damages are not compensable under the FELA, and he will not be making arguments that he is entitled to such damages. However, he objects to the motion as far as Defendant's motion is an attempt to restrict his counsel from making arguments consistent with the evidence and the law related to those damages allowed under the FELA.

With respect to Defendant's size and wealth, it is premature to determine whether evidence or comments on the subject are proper at trial. Defendant has a non-delegable duty to provide Plaintiff with a safe place to work. *Bailey v. Central Vermont R.R. Co.*, 319 U.S. 350, 353 (1943).

### C. Defendant's motion to preclude - "the plaintiff may not suggest that he or any witness employed by defendant has faced or will face retaliation for opposing defendant"—should be denied.

With respect to Defendant's multiple objections that touch on the witnesses' status as its employees, Plaintiff objects to the motion as far as it being inconsistent with the Court's expected jury instructions such as:

> In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness say, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness's opportunity and ability to see or hear or know

5

the things the witness testifies about; the quality of the witness's memory; *the witness's appearance and manner while testifying; the witness's interest in the outcome of the case; any bias or prejudice the witness may have;* other evidence that may nave contradicted the witness's testimony; and the reasonableness of the witness's testimony in light of all the evidence.

Thus, a witness's employment status, position with Defendant and any bias or prejudice associated with their employment may be argued to the jury.

### D. Defendant's motion to preclude counsel from—"suggesting using a formula on a *per diem* basis in calculating an award of damages for pain and suffering"—should be denied.

Defendant argues that there is a blanket probation with respect to a plaintiff arguing to a jury that they may use a *per diem* base when awarding pain and suffering. Defendant's discussion of the law is incomplete, especially with respect to Seventh Circuit authority, and outdated.

In *Waldron v. Hardwick*, 406 F.2d 86 (7th Cir. 1969), the Seventh Circuit recognized there was "a sharp split among the state authorities on the use of the so-called 'unit-of- time' argument . . . ." *Id.* at 89 (footnote omitted). However, the Seventh Circuit went on to note:

> [F]ederal courts of appeal which have considered the question generally have permitted such arguments. After considering the various reasons advanced for and against this type of argument, we are of the view that an inflexible rule treating a per diem argument as reversible error is not advisable. We think that this argument is permissible if made within limitations which the trial judge to insure fairness may impose such as the giving of a suitable cautionary instruction or the taking of other safeguards as were suggested by the Fifth Circuit . . . . We do not mean that there might not be abuses in employing a per diem argument that would require reversal, but the question should be left largely to the distraction of the trial judge as are other matters dealing with the style and content of argument.

*Id.* (footnotes omitted).

As made clear in *Waldron*, a *per diem* argument is allowed depending on the evidence presented at trial so Defendant's motion is premature. If Plaintiff intends to use such an argument, he will raise the issue at the appropriate time with the Court of whether it will allow the argument.

6

## II. Conclusion

Consistent with the law and arguments above, Plaintiff asks the Court to deny Defendant's omnibus in its entirety.

Respectfully submitted,

        HUNEGS, LeNEAVE & KVAS, P.A.

Dated: 6/5/2020       *s/ Thomas W. Fuller*
        Cortney S. LeNeave, MN ID 018424X
        Thomas W. Fuller, MN ID 394778
        Attorneys for Plaintiff
        1000 Twelve Oaks Center Drive, Suite 101
        Wayzata, Minnesota 55391
        (612) 339-4511
        cleneave@hlklaw.com
        tfuller@hlklaw.com